■ FRIDO GOERLICH et al., Appellants-Respondents, v FRANK M. IPPOL-ITO, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., in which a jury trial limited to the issue of liability only resulted, *inter alia,* in a determination in favor of defendant and against plaintiff Frido Goerlich and apportioned liability at 30% against defendant and 70% against the said plaintiff, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated January 10, 1977, which is, upon a jury verdict (1) in favor of the plaintiff Inge Goerlich and against defendant in the principal sum of $15,000 and (2) in favor of defendant and against the plaintiff Frido Goerlich in the sum of $10,500. (A cross appeal by the defendant has apparently been abandoned.) Judgment reversed, on the law, without costs or disbursements, and new trial granted limited to the issue of the damages sustained by plaintiff Inge Goerlich. The judgment to be entered at the conclusion of the new trial shall apportion damages in the same percentages as they are apportioned in the judgment under review. The findings of fact as to liability are affirmed. On December 22, 1970 plaintiffs Frido and Inge Goerlich were proceeding westbound along Route 6 in the Town of Yorktown, New York. It was snowing and the roadway was slippery. Defendant was proceeding eastbound along the same route, which is a two-lane, undivided highway. The accident occurred when defendant's vehicle skidded into the westbound lane, where it was struck by plaintiffs' vehicle. On the liability phase of the bifurcated trial, the jury found in favor of plaintiff Inge Goerlich (the passenger) and against her husband, Frido Goerlich (the driver). It also found that plaintiff Frido Goerlich was 70% at fault in the happening of the accident and that defendant was 30% responsible. Prior to the trial on the issue of damages, which was to be heard by the same jury, plaintiff Inge Goerlich sought to question the jury on the issue of damages; that area of questioning had been foreclosed to the plaintiffs during their *voir dire* prior to the trial on the liability issue. The court denied that request and the trial proceeded, resulting in the $15,000 verdict in favor of plaintiff Inge Goerlich. At the trial on the issue of damages, plaintiff Inge Goerlich's medical experts testified that she had sustained a concussion as a result of the accident and that she had received bruises and facial lacerations requiring plastic surgery. They further testified that she had suffered an injury to her jaw which resulted in a limitation of use and which continued to cause her pain up to the time of the trial. In order to alleviate the pain, it was necessary for her to wear an oral appliance. There was also testimony that she continued to suffer headaches and dizziness, both symptoms of a concussion, for a period of time after the accident. We believe that the award of damages was inadequate in view of the undisputed testimony as to the nature and extent of Inge Goerlich's injuries and that a new trial on this limited issue should be had. As a second ground for concluding that there must be a new trial on the issue of damages, we are equally concerned with the refusal of Trial Term to permit interrogation of the jury on that issue prior to the commencement of that phase of the trial, for, as the Court of Appeals has stated *(People v Boulware,* 29 NY2d 135, 139-140): "since the right to a jury means a jury which, as far as possible, is unbiased and unprejudiced, some form of *voir dire* is necessary so that the concomitant right to challenge prospective jurors may be intelligently and effectively exercised by the parties (see *Swain v. Alabama,* 380 U. S. 202) [Of course,] The Judge presiding necessarily has broad discretion to control and restrict the scope of the *voir dire* examination [and T]o that end, he may * * * question prospective jurors at the opening of the *voir dire,* during the course thereof or after counsel have

concluded their examinations. *The only condition imposed is that fair opportunity be accorded counsel to question about matters, not previously explored, which are relevant and material to the inquiry at hand"* (emphasis supplied). Although in the instant case the issues of liability and damages were tried separately, the injured plaintiff could not thereby be deprived of her right to examine the jury on the issue of damages in the bifurcated trial, prior to the commencement of the trial on the issue of damages, and to challenge the jury panel on the basis thereof. In holding to the contrary, Trial Term deprived that plaintiff of a substantial right, thus warranting a new trial on the issue of damages. Turning briefly to the liability phase of the instant trial, we are unable to agree with the dissent that the apportionment of liability herein is contrary to the weight of the evidence. The testimony of plaintiff Frido Goerlich establishes: (1) that he saw the Ippolito vehicle some 200 feet from the site of the accident, in its own lane and moving toward him; (2) that he did not see the defendant's vehicle again until after the accident had occurred; (3) that he never saw the defendant's automobile "cross-over" onto his side of the road; and (4) that he had not been experiencing any difficulty with visibility or in controlling his own car. Shortly after the accident, however, Mr. Goerlich apparently told a police investigator that he had seen the defendant skid across the road, but was unable to avoid the impact. The defendant testified that his car was completely stopped for several seconds prior to the impact, that he saw the lights of plaintiffs' vehicle as it approached from a distance of at least 100 feet and that Mr. Goerlich neither slackened his speed nor attempted to avoid the defendant. In view of this conflicting testimony, it cannot be said that the apportionment of liability was contrary to the weight of the evidence. Rabin, Gulotta and O'Connor, JJ., concur; Latham, J. P., concurs insofar as the majority is reversing the judgment and granting a new trial, but otherwise dissents and votes to direct that the new trial be as to all issues, with the following memorandum: In my judgment the verdict after the liability trial was clearly against the weight of the evidence. The defendant was traveling on an upgrade on an icy road, had previously skidded, lost control of his car, went into another skid and crossed the highway into the oncoming lane of traffic, where the collision occurred. Yet he was held to be only 30% at fault. The plaintiff Frido Goerlich was proceeding on a downgrade on the same icy road in his own lane, when defendant crossed the highway into his path making the collision inevitable. Yet he was held to be 70% liable. In my judgment a new trial is required on all issues.