■ ALEXANDER B. PARK, Appellant, v ACME ELECTRIC CORP., Respondent. (And a Third-Party Action.) — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 18, 1980, which, after a jury trial, granted defendant's motion to dismiss the complaint. Judgment modified, on the law, by deleting all provisions thereof except those dealing with the third-party defendant Westinghouse Electric Corporation. As so modified, judgment affirmed, and new trial granted as to all parties and causes of action except third-party defendant Westinghouse Electric Corporation, with costs to abide the event. The testimony at trial presented issues of fact concerning, *inter alia,* whether defendant had complied with the specifications provided by third-party defendant Brookhaven National Laboratory Associated Universities, Inc., in the design and manufacture of the unit which caused the plaintiff's injury; whether the defect in design alleged in the complaint had been a product of those specifications or lay within defendant's sphere of authority to produce a completed unit; whether the possibility of injury from the alleged defect had been sufficiently glaring to negate the defense that defendant had merely relied upon the specifications of Brookhaven; and whether the plaintiff had been contributorily negligent. Accordingly, it was error for the court to dismiss the complaint at the close of the testimony. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.

■ MARY M. PAVIS et al., Respondents, v CURTIS SCOTT, Defendant, and RICHARD SAHN, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Sahn appeals from an order of the Supreme Court, Kings County (Siracuse, J.), dated June 11, 1980, which, *inter alia,* set aside a jury verdict in favor of the defendants on the issue of damages. Order affirmed, with $50 costs and disbursements. Trial Term acted properly within its discretion in setting aside the verdict on the issue of damages as contrary to the weight of the evidence. In addition, plaintiffs are entitled to a new trial on the issue of damages because of the trial court's refusal to permit them to *voir dire* the jury on the question of damages either prior to the onset of the liability phase of the trial or thereafter prior to the commencement of the trial on the issue of damages (see *Goerlich v Ippolito,* 62 AD2d 1030). Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.